## SUPREME COURT.

JEREMIAH VAN VALKENBURGH and ELIZABETH VAN VALKENBURGH, vs. GEORGE N. ALLENDORPH, CATHARINE E. ALLENDORPH and JOHN MYNDERS et al.

*It seems* that judgment may now be entered upon the report of referees upon the whole issue without the aid of a judge. But whether in cases coming within § 306, (amended code,) referees can pass upon the question of *costs. Quære.*

If power can be given to a referee to dispose of the question of costs in equity suits

pending on the first of July, 1848, the authority should be distinctly expressed in the order of reference.

*Rensselaer Special Term, June,* 1849.—The bill in this cause was filed previous to July 1, 1848, to foreclose a mortgage given in 1837, due and payable in 1844. Defendants Allendorphs put in answer to the amount due, and John Mynders as to the priority of his mortgage, to the plaintiffs' mortgage. An order of reference was entered by consent, referring it to a sole referee, "to hear the proofs and allegations of the parties, and to determine the matters in controversy in this suit."

JOHN FITCH, *for plffs.*

ANSON BINGHAM, *for defts.*

On the argument upon the proofs, the referee intimated his intention to report upon the question of costs, whereupon the plaintiffs' attorney made a motion to amend the order of reference, so as to confine the referee to the questions of amount due, and priority of the mortgages only.

HAND, Justice.—Section 202 of the code (now substituted for § 227,) has perhaps altered what I considered the correct practice when *Deming* v. *Post,* was decided. That alteration alone would have hardly made the difference, as it required the judgment upon the report to be entered in the same manner as if the action had been tried by the court, and in that case judgment must be entered upon the direction of a single judge. (§§ 267, 278.) But taken in connection with § 278, I am inclined to the opinion that judgment can now be entered upon a report of referees upon the whole issue, without the aid of a judge. But whether in cases coming within § 306, the referee can pass upon the question of costs, settle the decree, &c., it is not now necessary to decide.

But this suit was pending on the 1st of July, 1848, and § 5 of the amended supplementary act is applicable thereto. The order of reference in this case empowered the referee to hear the proofs and allegations of the parties, and determine the matters in controversy. But the question of costs I do not think one of the matters referred. The report, it is true, stands as the decision of the court, the same as though the cause or issue had been determined by the court at a special term. This language is very broad, but when taken in connection with § 421 of the code, and § 3 of the amended supplementary act, I do not think that all the former practice in "existing suits" is so far abrogated, that the referee, under such an order, can decide all incidental questions, as of costs, &c., thereon. If power to dispose of the question of costs, can be given to a referee in such cases, I think the authority should be distinctly expressed in the order of reference. If this view is correct, no amendment of the order of reference is necessary.